# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| | | |
|---|---|---|
| Case Caption:<br><br>Debra A. Vitagliano<br><br>v.<br><br>County of Westchester | District Court or Agency:<br><br>S.D.N.Y | Judge:<br><br>Hon. Philip M. Halpern |
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>01/03/2023 | District Court Docket No.:<br><br>7:22-cv-09370-PMH |
| | Date the Notice of Appeal was Filed:<br><br>01/04/2023 | Is this a Cross Appeal?<br><br>☐ Yes   ☑ No |

| Attorney(s) for Appellant(s):<br><br>☑ Plaintiff<br><br>☐ Defendant | Counsel's Name:<br><br>Daniel M. Vitagliano | Address:<br><br>1919 Pennsylvania Ave. NW Suite 400 Washington, D.C. 20006 | Telephone No.:<br><br>202-955-0095 | Fax No.:<br><br>202-955-0090 | E-mail:<br><br>dvitagliano@becketlaw.org |
|---|---|---|---|---|---|
| **Attorney(s) for Appellee(s):**<br><br>☐ Plaintiff<br><br>☑ Defendant | Counsel's Name:<br><br>John M. Nonna | Address:<br><br>148 Martine Ave., 6th Floor White Plains, NY 10601 | Telephone No.:<br><br>914-995-2690 | Fax No.: | E-mail:<br><br>jmn5@westchestergov.com |

| Has Transcript Been Prepared?<br><br>Not required | Approx. Number of Transcript Pages:<br><br>n/a | Number of Exhibits Appended to Transcript:<br><br>n/a | Has this matter been before this Circuit previously?  ☐ Yes  ☑ No<br><br>If Yes, provide the following:<br><br>Case Name: n/a<br><br>2d Cir. Docket No.: n/a      Reporter Citation: (i.e., F.3d or Fed. App.) n/a |
|---|---|---|---|

***ADDENDUM "A"*:** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B"*:** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br><br>☑ Federal question (U.S. not a party) | ☐ Diversity<br><br>☐ Other (specify): _____ |

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☑ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B:  DISTRICT COURT DISPOSITION  (Check as many as apply)

**1. Stage of Proceedings**

- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [✓] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $_____
  - [ ] Granted: $_____
  - [ ] Denied: $_____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C:  NATURE OF SUIT  (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [✓] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright ▪ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify):
- [✓] Other (specify): First Amendment

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [✓] Yes
- [ ] No

Will appeal raise a matter of first impression?

- [ ] Yes
- [✓] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [✓] Yes [ ] No

If yes, state whether ▫ "A," or ▫ "B," or ▫ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Hulinsky v. County of Westchester | Docket No. 7:22-cv-06950-PMH | Citation: N/A | Court or Agency: S.D.N.Y. |
|---|---|---|---|

Name of Appellant: N/A (case is in district court)

Date: 01/11/2023    Signature of Counsel of Record: /s Daniel M. Vitagliano

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C**  (Rev. December 2016)

# Addendum A

## Nature of the Action

Plaintiff Debra A. Vitagliano is a Westchester County resident who believes in the dignity of all human life, including the unborn. She seeks to stand on the public way outside a White Plains abortion clinic, approach women entering the clinic, and initiate gentle, compassionate conversations about the woman's situation and resources available to her should she choose to carry her child to term.

In June 2022, Westchester County passed a law prohibiting Plaintiff's intended speech. Under the County's new sidewalk counseling ban, it is illegal, within 100 feet of an abortion clinic, to "knowingly approach" within eight feet of another person "for the purpose of" distributing literature, displaying a sign, "or engaging in oral protest, education, or counseling," "unless such other person consents." The sidewalk counseling ban is based on a law upheld by the United States Supreme Court in *Hill v. Colorado*, 530 U.S. 703 (2000). While *Hill* remains binding until the Supreme Court overrules it, *Hill* "distorted First Amendment doctrines," as a majority of the Court recently acknowledged. *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 2276 & n.65 (2022). The sidewalk counseling ban is content-based on its face, and it cannot survive even intermediate—much less strict—scrutiny, given the numerous ways to promote clinic safety and access without outlawing Plaintiff's peaceful, protected speech.

Because the law violates her First Amendment rights, Plaintiff sued the County of Westchester, seeking declaratory and injunctive relief.

## Result Below

As required by Judge Halpern's individual civil-practice rules, the County requested a pre-motion conference in anticipation of filing a motion to dismiss. Dkt. 28. The County argued that *Hill* remained binding until overruled, *id.*, and Plaintiff acknowledged the same and explained that in the interest of judicial economy, the district court could dispense with formal briefing and treat the County's pre-motion letter as a motion to dismiss, Dkt. 29.

On January 3, 2023, the district court waived its pre-motion conference requirement, construed the County's pre-motion letter as a motion to dismiss, and granted the motion. Dkt. 31. Despite the County never contesting jurisdiction, the district court found, *sua sponte*, that Plaintiff lacked Article III standing because Plaintiff had "never engaged in sidewalk counseling" and had not alleged "concrete plans" to do so. *Id.* at 5. Alternatively, the district court held that "[e]ven if Plaintiff had established Article III standing," her claim was "foreclosed by directly relevant Supreme Court precedent"—*i.e.*, *Hill. Id.* at 6. This conclusion "provide[d] a separate and

independent basis for the dismissal of the Complaint." *Id*. at 7. The district court issued its judgment that same day. Dkt. 32.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DEBRA A. VITAGLIANO,

     *Plaintiff,*

    v.

COUNTY OF WESTCHESTER,

     *Defendant.*

Case No.  7:22-cv-09370
[rel 7:22-cv-06950]

**NOTICE OF APPEAL**

    Notice is hereby given that Debra A. Vitagliano, Plaintiff in the above-named case, appeals to the United States Court of Appeals for the Second Circuit from the memorandum opinion and order granting Defendant County of Westchester's motion to dismiss, Dkt. 31, and the judgment of this Court, Dkt. 32, entered January 3, 2023.

    Respectfully submitted this 4th day of January, 2023.

/s/ Daniel M. Vitagliano
Daniel M. Vitagliano*
 S.D.N.Y. Bar No. 5856703
Mark L. Rienzi**
Joseph C. Davis**
Daniel L. Chen**
The Becket Fund for Religious Liberty
 1919 Pennsylvania Ave, N.W.
Suite 400
Washington, D.C. 20006
(202) 955-0095
dvitagliano@becketlaw.org

*Not admitted to the D.C. Bar; admitted to the N.Y. Bar; supervised by licensed D.C. Bar members

**Admitted *pro hac vice*

*Attorneys for Plaintiff*

CLOSED,APPEAL,ECF,RELATED

**U.S. District Court**
**Southern District of New York (White Plains)**
**CIVIL DOCKET FOR CASE #: 7:22−cv−09370−PMH**

| | |
|---|---|
| Vitagliano v. County Of Westchester et al | Date Filed: 11/01/2022 |
| Assigned to: Judge Philip M. Halpern | Date Terminated: 01/03/2023 |
| Related Case: 7:22−cv−06950−PMH | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Debra A. Vitagliano**                    represented by    **Daniel Chen**
                                                             Becket
                                                             1919 Pennsylvania Avenue NW
                                                             Suite 400
                                                             Washington, DC 20006
                                                             202−955−0095
                                                             Email: dchen@becketlaw.org
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Joseph Davis**
                                                             The Becket Fund for Religious Liberty
                                                             1919 Pennsylvania Ave. NW
                                                             Ste 400
                                                             Washington, DC 20006
                                                             202−955−0095
                                                             Email: jdavis@becketlaw.org
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Mark Rienzi**
                                                             Becket Fund for Religious Liberty
                                                             1919 Pennsylvania Avenue NW
                                                             Suite 400
                                                             Washington, DC 20006
                                                             202−955−0095
                                                             Email: mrienzi@becketfund.org
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel Matthew Vitagliano**
                                                             The Becket Fund for Religious Liberty
                                                             1919 Pennsylvania Ave NW, 400
                                                             Washington, DC 20006
                                                             202−955−0095
                                                             Email: dvitagliano@becketlaw.org
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**County Of Westchester**                  represented by    **John Nonna**
                                                             Westchester County Attorney
                                                             Law Department
                                                             148 Martine Avenue
                                                             Ste 6th Floor
                                                             White Plains, NY 10601
                                                             914−995−2690
                                                             Email: jmn5@westchestergov.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Alida Lavidania Marcos**

Westchester County Attorney
148 Martine Avenue
Room 600
White Plains, NY 10601
347–479–6181
Email: azmh@westchestergov.com
*ATTORNEY TO BE NOTICED*

**Justin Richard Adin**
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601
(914)–995–2893
Fax: (914)–995–4581
Email: jra3@westchestergov.com
*ATTORNEY TO BE NOTICED*

**Shawna Currie MacLeod**
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601
914–995–4194
Email: scma@westchestergov.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**George Latimer**
*George Latimer, in his official capacity as County Executive of the County of Westchester*
*TERMINATED: 12/08/2022*

represented by **John Nonna**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alida Lavidania Marcos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Richard Adin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shawna Currie MacLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John M. Nonna**
*John M. Nonna, in his official capacity as County Attorney of the County of Westchester*
*TERMINATED: 12/08/2022*

represented by **John Nonna**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alida Lavidania Marcos**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Richard Adin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shawna Currie MacLeod**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|

| 11/01/2022 | 1 | COMPLAINT against County Of Westchester, George Latimer, John M. Nonna. (Filing Fee $ 402.00, Receipt Number ANYSDC−26904640)Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/01/2022) |
|---|---|---|
| 11/01/2022 | 2 | CIVIL COVER SHEET filed..(Vitagliano, Daniel) (Entered: 11/01/2022) |
| 11/01/2022 | 3 | STATEMENT OF RELATEDNESS re: that this action be filed as related to 7:22−cv−06950. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/01/2022) |
| 11/01/2022 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to County of Westchester, re: 1 Complaint. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/01/2022) |
| 11/01/2022 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to George Latimer, re: 1 Complaint. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/01/2022) |
| 11/01/2022 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to John M. Nonna, re: 1 Complaint. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/01/2022) |
| 11/02/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above−entitled action is assigned to Judge Unassigned. .(pc) (Entered: 11/02/2022) |
| 11/02/2022 | | Case Designated ECF. (pc) (Entered: 11/02/2022) |
| 11/02/2022 | | CASE REFERRED TO Judge Philip M. Halpern as possibly related to 22cv6950. (pc) (Entered: 11/02/2022) |
| 11/02/2022 | 7 | ELECTRONIC SUMMONS ISSUED as to County Of Westchester..(pc) (Entered: 11/02/2022) |
| 11/02/2022 | 8 | ELECTRONIC SUMMONS ISSUED as to George Latimer..(pc) (Entered: 11/02/2022) |
| 11/02/2022 | 9 | ELECTRONIC SUMMONS ISSUED as to John M. Nonna..(pc) (Entered: 11/02/2022) |
| 11/07/2022 | | CASE ACCEPTED AS RELATED. Create association to 7:22−cv−06950−PMH. Notice of Assignment to follow. (aea) (Entered: 11/07/2022) |
| 11/07/2022 | | NOTICE OF CASE REASSIGNMENT to Judge Philip M. Halpern. Judge Unassigned is no longer assigned to the case. (aea) (Entered: 11/07/2022) |
| 11/07/2022 | | Magistrate Judge Judith C. McCarthy is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018−06/AO−3.pdf. (aea) (Entered: 11/07/2022) |
| 11/16/2022 | 10 | CERTIFICATE OF SERVICE of Summons and Complaint. County Of Westchester served on 11/4/2022, answer due 11/25/2022. Service was accepted by Donna Dixon. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/16/2022) |
| 11/16/2022 | 11 | AFFIDAVIT OF SERVICE of Summons and Complaint. George Latimer served on 11/4/2022, answer due 11/25/2022. Service was accepted by Donna Dixon. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/16/2022) |
| 11/16/2022 | 12 | AFFIDAVIT OF SERVICE of Summons and Complaint. John M. Nonna served on 11/4/2022, answer due 11/25/2022. Service was accepted by Donna Dixon. Document filed by Debra A. Vitagliano..(Vitagliano, Daniel) (Entered: 11/16/2022) |
| 11/22/2022 | 13 | NOTICE OF APPEARANCE by John Nonna on behalf of County Of Westchester, George Latimer, John M. Nonna..(Nonna, John) (Entered: 11/22/2022) |
| 11/22/2022 | 14 | MOTION for Mark L. Rienzi to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26993594. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Debra A. Vitagliano. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Supplement DC Bar Certificate of Good Standing, # 3 Text of Proposed Order for Admission Pro Hac |

| | | |
|---|---|---|
| | | Vice).(Rienzi, Mark) (Entered: 11/22/2022) |
| 11/22/2022 | 15 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Joseph C. Davis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26993742. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Debra A. Vitagliano. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Supplement DC Bar Certificate of Good Standing, # 3 Supplement LA Bar Certificate of Good Standing, # 4 Text of Proposed Order for Admission Pro Hac Vice).(Davis, Joseph) Modified on 11/23/2022 (aea). (Entered: 11/22/2022) |
| 11/22/2022 | 16 | FIRST LETTER MOTION for Extension of Time addressed to Judge Philip M. Halpern from John Nonna dated November 22,2022. Document filed by County Of Westchester, George Latimer, John M. Nonna..(Nonna, John) (Entered: 11/22/2022) |
| 11/22/2022 | 17 | NOTICE OF APPEARANCE by Shawna Currie MacLeod on behalf of County Of Westchester, George Latimer, John M. Nonna..(MacLeod, Shawna) (Entered: 11/22/2022) |
| 11/22/2022 | 18 | NOTICE OF APPEARANCE by Justin Richard Adin on behalf of County Of Westchester, George Latimer, John M. Nonna..(Adin, Justin) (Entered: 11/22/2022) |
| 11/22/2022 | 19 | NOTICE OF APPEARANCE by Alida Lavidania Marcos on behalf of County Of Westchester, George Latimer, John M. Nonna..(Marcos, Alida) (Entered: 11/22/2022) |
| 11/23/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 14 MOTION for Mark L. Rienzi to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26993594. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 11/23/2022) |
| 11/23/2022 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 15 MOTION for Joseph C. Davis to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26993742. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Louisiana (Not State Bar);. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (aea)** (Entered: 11/23/2022) |
| 11/23/2022 | 20 | ORDER granting 16 Letter Motion for Extension of Time. Application granted. The deadline for Defendants to respond to the Complaint shall be extended to December 16, 2022. SO ORDERED.. (Signed by Judge Philip M. Halpern on 11/23/2022) (kv) (Entered: 11/23/2022) |
| 11/23/2022 | | Set/Reset Deadlines: County Of Westchester answer due 12/16/2022; George Latimer answer due 12/16/2022; John M. Nonna answer due 12/16/2022. (kv) (Entered: 11/23/2022) |
| 11/23/2022 | 21 | ORDER FOR ADMISSION PRO HAC VICE granting 14 Motion for Mark L. Rienzi to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys.. (Signed by Judge Philip M. Halpern on 11/23/2022) (kv) (Entered: 11/23/2022) |
| 11/29/2022 | 22 | AMENDED MOTION for Joseph C. Davis to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Debra A. Vitagliano. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Supplement DC Bar Certificate of Good Standing, # 3 Supplement LA Sup Ct Certificate of Good Standing, # 4 Text of Proposed Order for Admission Pro Hac Vice).(Davis, Joseph) (Entered: 11/29/2022) |
| 11/30/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 22 AMENDED MOTION for Joseph C. Davis to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. The** |

| | | |
|---|---|---|
| | | **document has been reviewed and there are no deficiencies. (sac)** (Entered: 11/30/2022) |
| 11/30/2022 | 23 | ORDER FOR ADMISSION PRO HAC VICE granting 22 AMENDED MOTION for Joseph C. Davis to Appear Pro Hac Vice. The motion of Joseph C. Davis, for admission to practice Pro Hac Vice in the above captioned action is granted.. (Signed by Judge Philip M. Halpern on 11/30/2022) (jca) (Entered: 11/30/2022) |
| 12/06/2022 | 24 | MOTION for Daniel L. Chen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27049428. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Debra A. Vitagliano. (Attachments: # 1 Affidavit in Support of Motion to Admit Counsel Pro Hac Vice, # 2 Supplement DC Bar Certificate of Good Standing, # 3 Supplement CA Bar Certificate of Good Standing, # 4 Text of Proposed Order for Admission Pro Hac Vice).(Chen, Daniel) (Entered: 12/06/2022) |
| 12/07/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 24 MOTION for Daniel L. Chen to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–27049428. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 12/07/2022) |
| 12/07/2022 | 25 | PROPOSED STIPULATION AND ORDER. Document filed by Debra A. Vitagliano..(Rienzi, Mark) (Entered: 12/07/2022) |
| 12/08/2022 | 26 | ORDER FOR ADMISSION PRO HAC VICE granting 24 MOTION for Daniel L. Chen to Appear Pro Hac Vice. The motion of Daniel L. Chen, for admission to practice Pro Hac Vice in the above captioned action is granted. (Signed by Judge Philip M. Halpern on 12/8/2022) (jca) (Entered: 12/08/2022) |
| 12/08/2022 | 27 | ORDER GRANTING JOINT RULE 21 MOTION TO DROP PARTIES The parties have filed a Joint Rule 21 Motion to Drop Defendants George Latimer and John M. Nonna, sued in their official capacities, from the case. (Doc. 25). For the reasons stated therein, the motion is GRANTED. The Clerk of Court is respectfully directed to drop, under Federal Rule of Civil Procedure 21, Defendants George Latimer and John M. Nonna from the case and to amend the case caption accordingly. SO ORDERED. John M. Nonna (John M. Nonna, in his official capacity as County Attorney of the County of Westchester), George Latimer (Chief Executive of the County of Westchester, in his official capacity) and George Latimer (George Latimer, in his official capacity as County Executive of the County of Westchester) terminated. (Signed by Judge Philip M. Halpern on 12/8/2022) (jca) (Entered: 12/08/2022) |
| 12/16/2022 | 28 | FIRST LETTER MOTION for Conference addressed to Judge Philip M. Halpern from John Nonna dated December 16, 2022. Document filed by County Of Westchester, George Latimer, John M. Nonna..(Nonna, John) (Entered: 12/16/2022) |
| 12/21/2022 | 29 | LETTER RESPONSE to Motion addressed to Judge Philip M. Halpern from Mark L. Rienzi dated 12/21/2022 re: 28 FIRST LETTER MOTION for Conference addressed to Judge Philip M. Halpern from John Nonna dated December 16, 2022. . Document filed by Debra A. Vitagliano..(Rienzi, Mark) (Entered: 12/21/2022) |
| 12/23/2022 | 30 | ORDER denying without prejudice to renewal (53 in 7:22–cv–06950–PMH) Letter Motion for Conference re: 53 LETTER MOTION for Conference addressed to Judge Philip M. Halpern from Christopher Ferrara dated December 22, 2022. Application denied without prejudice to renewal after Defendant files its response to the Second Amended Complaint. SO ORDERED. (Signed by Judge Philip M. Halpern on 12/23/2022) (jca) (Entered: 12/23/2022) |
| 01/03/2023 | 31 | MEMORANDUM OPINION AND ORDER For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to (i) terminate the motion sequence pending at Doc. 28 and (ii) close this case. SO ORDERED. (Signed by Judge Philip M. Halpern on 12/30/2022) (jca) Transmission to Orders and Judgments Clerk for processing. (Entered: 01/03/2023) |
| 01/03/2023 | 32 | CLERK'S JUDGMENT re: 31 Memorandum & Opinion in favor of County Of Westchester against Debra A. Vitagliano. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Memorandum Opinion and |

| | | |
|---|---|---|
| | | Order dated January 3, 2023, Defendant's motion to dismiss is GRANTED; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 1/3/2023) (Attachments: # 1 Right to Appeal) (km) (Entered: 01/03/2023) |
| 01/04/2023 | 33 | NOTICE OF APPEAL from 32 Clerk's Judgment, 31 Memorandum & Opinion,. Document filed by Debra A. Vitagliano. Filing fee $ 505.00, receipt number ANYSDC–27160900. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Vitagliano, Daniel) (Entered: 01/04/2023) |
| 01/05/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 33 Notice of Appeal. (tp) (Entered: 01/05/2023) |
| 01/05/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 33 Notice of Appeal, filed by Debra A. Vitagliano were transmitted to the U.S. Court of Appeals. (tp) (Entered: 01/05/2023) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA A. VITAGLIANO,

               Plaintiff,

    -against-

COUNTY OF WESTCHESTER,

               Defendant.

**MEMORANDUM
OPINION AND ORDER**

22-CV-09370 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Debra A. Vitagliano ("Plaintiff") commenced this case on November 1, 2022 against the County of Westchester ("County" or "Defendant"). (Doc. 1, "Compl."). Plaintiff asserts a single claim for relief under 42 U.S.C. § 1983, alleging that Westchester County Law § 425(i) violates the First Amendment of the U.S. Constitution. (Compl. ¶¶ 79-98). Defendant filed a pre-motion conference letter in anticipation of its motion to dismiss on December 16, 2022, arguing that Plaintiff's claim is foreclosed by the Supreme Court's decision in *Hill v. Colorado*, 530 U.S. 703 (2000). (Doc. 28). Plaintiff responded on December 21, 2022, conceding that "*Hill* remains binding on this Court and forecloses [Plaintiff's] claims" and requesting that the Court "treat Defendant's pre-motion letter as the motion, and dispose of [this case]" (Doc. 29 at 4).

Accordingly, the Court waives its pre-motion conference requirement, construes Defendant's pre-motion letter as its motion, and GRANTS the motion to dismiss for the reasons set forth below. *See Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022); *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (holding that the district court "acted within its discretion" in deeming a pre-conference letter as the party's motion and denying it when "the parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in [the] contemplated motion"); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)

("Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the sanctions argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.").

## **BACKGROUND**

Westchester County Law § 425.31(i) makes it unlawful for any person to:

> knowingly approach another person within eight (8) feet of such person, unless such other person consents, for the purpose of passing any material, item, or object to, displaying a sign to, or engaging in oral protest, education, or counseling with such other person in the public way within a radius of one-hundred (100) feet from any door to a reproductive health care facility.

Westchester Cnty. Law § 425.31(i) ("Buffer Zone Provision"). "Approach" is defined as "to move nearer in distance to someone." *Id.* § 425.21(a). "Reproductive health care facility" is defined as "any building, structure, or place, or any portion thereof, at which licensed, certified, or otherwise legally authorized persons provide reproductive health care services," and "reproductive health care services" is in turn defined to include "services relating to pregnancy or the termination of a pregnancy." *Id.* § 425.21(k)-(l). Violations of the Buffer Zone Provision are misdemeanors punishable by fines and imprisonment. *Id.* § 425.41(a)-(b). The statute authorizes civil actions by abortion clinics, abortion-clinic employees, and their invitees related to violations of the Buffer Zone Provision, and further authorizes civil enforcement actions by the Westchester County Attorney "for injunctive and other appropriate equitable relief in order to prevent or cure a violation." *Id.* §§ 425.51, 425.61.

In February 2021, Plaintiff began participating in "prayer vigils, where she would stand and peacefully pray on the sidewalk and other portions of the public way outside the White Plains Planned Parenthood." (Compl. ¶ 26). Plaintiff does not currently—nor has she ever—participated in "sidewalk counseling," a practice that violates the Buffer Zone Provision wherein individuals

"approach[] women on their way into Planned Parenthood[,]" in order to speak with them and distribute pamphlets and other literature. (*Id.* ¶ 27). Plaintiff alleges that while she "felt called to engage in sidewalk counseling" (*id.* ¶ 28) she has never done so because "she felt she first needed proper training" (*id.* ¶ 29). Plaintiff alleges that she continues to refrain from engaging in sidewalk counseling, "[d]espite her earnest desire" to do so, "because of the [Buffer Zone Provision]." (*Id.* ¶ 64). She alleges that "[b]ut for the [Buffer Zone Provision], Plaintiff would engage in sidewalk counseling." (*Id.* ¶ 65). Plaintiff further alleges that she will be "irreparably harmed" by the Buffer Zone Provision "because of the chilling of her constitutionally protected speech." (*Id.* ¶ 66).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*. at 679. The presumption of truth "is inapplicable to legal conclusions[,]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I.     Article III Standing

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative"); *Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (dismissing claims for want of subject-matter jurisdiction *sua sponte* pursuant to the Court's "inherent authority to evaluate the existence of subject-matter jurisdiction under Rule 12(h)(3)").

"[C]onstitutional ripeness" can be seen "as a specific application of the actual injury aspect of Article III standing." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013). "Constitutional ripeness, in other words, is really just about the first *Lujan* factor—to say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not 'actual or imminent,' but instead 'conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (setting forth the various factors for courts to consider in determining constitutional standing)). Pre-enforcement First Amendment claims, such as the one Plaintiff brings here, are assessed "under somewhat relaxed standing and ripeness rules." *Id.* at 689. Nevertheless, "[a] plaintiff must allege something more than an abstract, subjective fear that his rights are chilled in order to establish a case or controversy." *Id.* (citing *Laird v. Tatum*, 408

U.S. 1, 13-14 (1972)). A plaintiff must allege "a real and imminent fear of such chilling" to satisfy Article III standing. *Id.*; *see also Kounitz v. Slaatten*, 901 F. Supp. 650, 654 (S.D.N.Y. 1995) (holding that the plaintiff failed to allege an injury in fact because he asserted "in the most general fashion" that he had been "chilled in the exercise of his First Amendment rights").

Plaintiff admits in her Complaint that she has never engaged in sidewalk counseling. (Compl. ¶ 29). Although Plaintiff alleges that she has an "earnest desire to engage in sidewalk counseling" she does not allege any concrete plans to do so at any point in the future. (*Id.* ¶ 64). Plaintiff has only alleged, "in the most general fashion," that that her exercise of free speech has been chilled by the enactment of the Buffer Zone Provision. This is distinguishable from the facts the Second Circuit considered in *Walsh.* 714 F.3d 682 (2d Cir. 2013). There, the plaintiff brought a pre-enforcement action challenging a New York statute regarding the designation of certain entities as "political committees" and argued that such designation would chill its right to distribute certain advertisements. *Id.* The plaintiff in *Walsh* attached to its complaint "several advertisements it wanted to broadcast *immediately*, not in the future." *Id.* at 691 (emphasis in original). In assessing ripeness, the Second Circuit noted that the advertisements that the plaintiff sought to immediately broadcast showed that its speech had been chilled and that "[f]or ripeness purposes, [plaintiff's] future plans are of less relevance." *Id.* Here, Plaintiff has no concrete plans, either in the immediate-term or in the future, to engage in sidewalk counseling. Plaintiff's concerns regarding the Buffer Zone Provision amount to nothing more than "abstract, subjective fear[s] that h[er] rights are chilled" and cannot therefore serve as the basis for Article III standing. *Id.* at 688. Indeed, Plaintiff mentions that she would need "proper training" before she would even consider sidewalk counseling. (Compl. ¶ 29).

Accordingly, the Complaint is dismissed for failure to establish Article III standing.

II.     *Hill v. Colorado*

Even if Plaintiff had established Article III standing, which she has not, her action is foreclosed by directly relevant Supreme Court precedent. The First Amendment, applicable to the States through the Fourteenth Amendment, prohibits the enactment of laws "abridging the freedom of speech." U.S. Const. Amend. I. Under that Clause, a government, including a municipal government vested with state authority, "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Police Dept. of Chicago v. Mosley,* 408 U.S. 92, 95 (1972). "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed v. Town of Gilbert, Ariz.,* 576 U.S. 155, 163 (2015). The Supreme Court has also recognized "a separate and additional category of laws that, though facially content neutral, will be considered content-based regulation of speech: laws that cannot be 'justified without reference to the content of the regulated speech,' or that were adopted by the government 'because of disagreement with the message [the speech] conveys'" *Id.* (quoting *Ward v. Rock Against Racism,* 491 U.S. 781, 791 (1989)). "[A]bsent a content-based purpose or justification," a content-neutral regulation "does not warrant the application of strict scrutiny." *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 1471 (2022).

As Plaintiff acknowledges, the Buffer Zone Provision is "materially identical" to the law the Supreme Court upheld in *Hill v. Colorado*, 530 U.S. 730 (2000). (Compl. ¶ 6). The statute at issue in *Hill* created a 100-foot buffer zone around entrances to all healthcare facilities, in which a person could not knowingly approach within eight feet of another person, without that person's consent, for the purpose of "passing a leaflet or handbill to, displaying a sign to, or engaging in

oral protest, education, or counseling with such other person." *Id.* at 707 & n.1. The *Hill* plaintiffs were anti-abortion activists engaged in sidewalk counseling who argued, just as Plaintiff does here, that the law was content-based because it regulated "oral protest, education, or counseling." *Id.* The Supreme Court rejected that argument and held that the law was content-neutral because "[i]t applies to all 'protest,' to all 'counseling,' and to all demonstrators whether or not the demonstration concerns abortion, and whether they oppose or support the woman who has made an abortion decision." *Id.* at 726.

Just like the law upheld in *Hill*, the Buffer Zone Provision "simply establishes a minor place restriction on an extremely broad category of communications with unwilling listeners." *Id.* at 723. The Buffer Zone Provision leaves open ample alternative channels of communication. Oral protest, education, and counsel are all allowed "as long as they are not done while approaching within eight feet of an individual who has not provided consent." (Doc. 28 at 2). People are free to distribute leaflets to approaching individuals if they "choose to stand close to the entrances of the reproductive health care facilities" so long as they do so "without physically approaching individuals entering the facility." (*Id.*). The Buffer Zone Provision is clearly narrowly tailored to advance Westchester County's significant governmental interest in protecting individuals attempting to enter health care facilities from "unwanted encounters, confrontations, and even assaults by enacting an exceedingly modest restriction on the speakers' ability to approach." *Hill*, 530 U.S. at 729.

Accordingly, the Supreme Court's decision in *Hill v. Colorado*, 530 U.S. 730 (2000) forecloses Plaintiff's claims as a matter of law and provides a separate and independent basis for the dismissal of the Complaint.

## **CONCLUSION**

7

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to (i) terminate the motion sequence pending at Doc. 28 and (ii) close this case.

**SO ORDERED.**

Dated:    White Plains, New York
          December 30, 2022

_____
PHILIP M. HALPERN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
DEBRA A. VITAGLIANO,

                          Plaintiff,

         -against-                                 22 **CIVIL** 9370 (PMH)

                                                 **<u>JUDGMENT</u>**

COUNTY OF WESTCHESTER,

                         Defendant.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated January 3, 2023, Defendant's motion to dismiss is GRANTED; accordingly, the case is closed.

**Dated:** New York, New York

        January 3, 2023

                                   **RUBY J. KRAJICK**

                                 _____

                                      **Clerk of Court**

                **BY:**      K. Mango

                                      _____

                                       **Deputy Clerk**

**Addendum B:  Issues to be Raised on Appeal**

I.  Courts "assess pre-enforcement First Amendment claims . . . under somewhat relaxed standing and ripeness rules." *Nat'l Org. of Marriage v. Walsh*, 714 F.3d 682, 689 (2d Cir. 2013). Pre-enforcement challenges to statutes with criminal and civil penalties are cognizable under Article III when, among other things, a plaintiff has suffered an injury-in-fact. *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022). And "a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* (cleaned up).

Does Plaintiff Debra Vitagliano possess Article III standing to challenge the constitutionality of Westchester County's sidewalk counseling ban when she seeks to engage in sidewalk counseling outside a White Plains abortion clinic and has alleged that she would do so but for the County's law?

Standard of Review: de novo. *See Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016).

II.  Westchester County's ban on sidewalk counseling outside abortion clinics is modeled after a law upheld in *Hill v. Colorado*, 530 U.S. 703 (2000). But *Hill* was wrongly decided, is irreconcilable with intervening precedent, and should be overruled by the Supreme Court. Laws that restrict speech based on its "communicative content" trigger strict scrutiny. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). The sidewalk counseling ban is content-based because whether it applies depends on the content of the intended speech—*e.g.*, whether a speaker intends to engage in "oral protest, education, or counseling." Though *Hill* upheld precisely such a law, *Hill*'s reasoning has been repudiated by intervening Supreme Court precedent, including *Reed* and *McCullen v. Coakley*, 573 U.S. 464 (2014).

Does the sidewalk counseling ban violate the First Amendment because it is a content-based restriction on speech that cannot satisfy strict, or even intermediate, scrutiny?

Standard of Review: de novo. *See Cornelio v. Connecticut*, 32 F.4th 160, 168 (2d Cir. 2022).