# 23-30

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

DEBRA A. VITAGLIANO,

*Plaintiff-Appellant*,

v.

COUNTY OF WESTCHESTER,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of New York (Halpern, *J.*), No. 7:22-cv-9370

## OPPOSITION TO MOTION OF *AMICI CURIAE* WESTCHESTER COALITION FOR LEGAL ABORTION – CHOICE MATTERS, INC., *ET AL.*, TO PARTICIPATE IN ORAL ARGUMENT IN SUPPORT OF DEFENDANT

The Court should deny the motion of *amici curiae* Westchester Coalition for Legal Abortion – Choice Matters, Inc., *et al.*, to participate in oral argument in support of Defendant.

*Amici* request five minutes of independent argument time "or, alternatively, three minutes of [the County's] allotted argument time" to present their views "regarding the privacy interests at stake in the challenged law." But independent argument time for *amici* is appropriate

1

only in "extraordinary circumstances." Fed. R. App. P. 29 advisory committee's note to 1998 amendments. And divided time "invariably diminishes the argument" and so is typically disfavored. David F. Herr et al., Fundamentals of Litigation Practice § 33:11 (2021 ed.).[1]

*Amicus* argument is especially unwarranted here. *Amici*'s "privacy" argument concerns the merits of Plaintiff's First Amendment claims. But all parties agree that the merits are controlled by *Hill v. Colorado. See* Br.2-3, 33-35, 57; Resp.11-14; App.2-3 ¶¶6-7; App.22 ¶98; App.30, 32, 35. The contested issue in this appeal is Article III standing. So oral argument by *amici* would not aid this Court's decisional process. *Cf.* Fed. R. App. P. 34(a)(2).

Even if the merits were contested, *amici*'s proposed argument would not be helpful. To the extent the "privacy interests" *amici* seek to present are the same as the "right to privacy" invoked by the County, Resp.20; Reply 22-24, there is no reason the County cannot present argument on them. To the extent they are different, this Court need not "consider them" at all. *Riverkeeper, Inc. v. Collins*, 359 F.3d 156, 163 n.8 (2d Cir. 2004); *see also* Wright & Miller, Federal Practice & Procedure § 3975.1 &

---

[1]  *See Great Minds v. Fedex Off. & Print Servs., Inc.*, No. 17-808 (2d Cir. Aug. 23, 2017) (denying *amicus* leave to participate in oral argument); *Sagor v. Picard (In re Bernard L. Madoff Inv. Secs., LLC)*, No. 16-413 (2d Cir. Apr. 5, 2017) (same); *SEC v. Citigroup Glob. Mkts. Inc.*, No. 11-5227 (2d Cir. Jan. 17, 2013) (same); *Cariou v. Prince*, No. 11-1197 (2d Cir. May 3, 2012) (same).

n.3 (5th ed.) ("In ordinary circumstances, an amicus will not be permitted to raise issues not argued by the parties.").

*Amici*'s motion is also unduly late. Argument is scheduled for May 9, 2023. The Court calendared the week of oral argument on March 7 and set the date on March 21. Dkts.61, 67. *Amici* appeared in this case nearly a month ago. *Amici*'s gamesmanship of waiting until days before oral argument to move to participate should be rejected.

\*      \*      \*

The Court should deny *amici*'s motion to participate in oral argument. Should the Court grant *amici* an independent allotment of five minutes, Plaintiff respectfully requests that her counsel's allotted time be commensurately increased.

Respectfully submitted,

/s/ Mark L. Rienzi
Mark L. Rienzi
Joseph C. Davis
Daniel L. Chen
Daniel M. Vitagliano\*
THE BECKET FUND FOR
    RELIGIOUS LIBERTY
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
(202) 955-0095
*mrienzi@becketlaw.org*

\* Admitted only in New York. Supervised by a member of the DC Bar.

3

## CERTIFICATE OF COMPLIANCE

This document complies with the requirements of Fed. R. App. P. 27(d) and 2d Cir. R. 27.1(a) because it has 452 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

May 3, 2023                          /s/ Mark L. Rienzi
                                     Mark L. Rienzi

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on May 3, 2023.

I certify that all participants in the case have been served a copy of the foregoing by the appellate CM/ECF system or by other electronic means.

May 3, 2023                          /s/ Mark L. Rienzi
                                     Mark L. Rienzi

4